Randi W. Singer
Jacob B. Ebin
Olivia J. Greer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email:    randi.singer@weil.com
          jacob.ebin@weil.com
          olivia.greer@weil.com

*Attorneys for Plaintiff*
*Nature's Variety, Inc. and M.I. Industries*

JUDGE SCHEINDLIN

13 CV 7676

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NATURE'S VARIETY, INC. and M.I. INDUSTRIES, <br><br> Plaintiffs, <br><br> v. <br><br> NESTLE PURINA PETCARE COMPANY, <br><br> Defendant. | Civil Case No. _____ <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

RECEIVED OCT 30 2013 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiffs Nature's Variety, Inc. and M.I. Industries (together, "Nature's Variety" or "NV"), by and through their attorneys, Weil, Gotshal & Manges LLP, for their Complaint against Nestlé Purina PetCare Company ("Nestlé Purina" or "Defendant"), allege, upon knowledge as to themselves and otherwise upon information and belief, as follows:

## NATURE OF THE ACTION

1.      This is an action for preliminary and permanent injunctive relief, damages, and attorney's fees for Defendant's willful infringement of Nature's Variety's registered trademarks,

false designation of origin, unlawful deceptive acts and practices, and unfair competition, under federal and state law. This action arises out of the offering for sale by Defendant of Nestlé Purina One® Smart Blend® TRUE INSTINCT pet food in packaging bearing a mark that is confusingly similar to NV's registered INSTINCT® mark for its pet food products.

2.    Defendant has knowingly and deliberately used a mark strikingly similar to Nature's Variety's registered INSTINCT® trademark in launching its new pet food product nationally. Defendant, a much larger company than Nature's Variety, has used its superior spending power to support its launch with millions of dollars in advertising, flooding the market and overwhelming the much smaller Nature's Variety and its INSTINCT® brand. Defendant has thus embarked on an unlawful campaign to lure consumers into purchasing its pet food, not only by taking advantage of the goodwill and stellar reputation associated with Nature's Variety's INSTINCT® brand, but also by essentially seeking to replace it entirely in the marketplace.

## THE PARTIES

3.    Plaintiff Nature's Variety is a privately-held corporation organized and existing under the laws of the State of Nebraska, with its principal place of business located at 55 West Port Plaza Drive, St. Louis, Missouri. Nature's Variety is a small, independent pet food company that focuses on providing proper and holistic nutrition for dogs and cats.

4.    Plaintiff M.I. Industries is a privately-held corporation organized and existing under the laws of the State of Nebraska, and is the sole owner of Nature's Variety, Inc.

5.    Upon information and belief, Defendant Nestlé Purina is a wholly-owned subsidiary of Nestlé Holdings, Inc., which is owned by Nestlé S.A., Avenue Nestlé 55, 1800 Vevey, Switzerland. Nestlé Purina has its North American headquarters at Checkerboard

2

Square, St. Louis, Missouri. Nestlé Purina PetCare Company was formed in 2001 when the

Ralston Purina Company was acquired by Nestlé S.A. and merged with a subsidiary of Nestlé.

Nestlé Purina operates as a manufacturer and distributor of pet food and other pet care products.

## JURISDICTION AND VENUE

6.     This action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*. This Court

has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§

1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7.     This Court has personal jurisdiction over Defendant pursuant to N.Y. C.P.L.R. §

302. Upon information and belief, Defendant regularly has transacted business within the State

of New York and/or contracted to supply goods or services in the State, and has committed

tortious acts causing injury within the State while regularly doing or soliciting business in the

State and/or should reasonably expect its tortious acts to have consequences in the State and

derive substantial revenue from interstate or international commerce.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because a

substantial portion of the events giving rise to this action occurred in this District.

## BACKGROUND

9.     Nature's Variety is a small, independent pet food company founded in 2002.

10.     Nature's Variety pet foods are complete and balanced for all life stages and all

breeds of dogs and cats. All Nature's Variety foods are 100 percent free of corn, wheat, soy,

chemical preservatives, and artificial colors and flavors, and each diet is rich in meat, poultry, or

fish proteins. Nature's Variety's best-selling brand is the INSTINCT® brand, which was

launched in 2006 and encompasses a variety of foods that are formulated to approximate the

ancestral diet of dogs and cats, consisting primarily of proteins, and are grain-free and gluten-free.  The INSTINCT® brand includes Instinct® and Instinct® Raw products.

**Nature's Variety's Trademarks**

11.    M.I. Industries is the owner of the entire right, title, and interest in and to a variety of registered trademarks, including the INSTINCT® mark (Registration No. 3,552,082), registered December 23, 2008, a true and correct copy of which is attached hereto as Exhibit A. The registration for the INSTINCT® mark is valid, subsisting, unrevoked, and uncancelled.

12.    M.I. Industries is also the owner of the entire right, title, and interest in the RAW INSTINCT® mark (Registration No. 3,238,356), registered May 1, 2007.  In addition to its registered marks, M.I. Industries has pending applications for the marks PRIDE BY INSTINCT (Serial No. 85,840,787), INSTINCT RAW BITES (Serial No. 85,656,505), and NATURE'S INSTINCT (Serial No. 77,789,906).

13.    Nature's Variety has been using the trademarks listed above on pet food sold in the United States since 2006.

**Nature's Variety's Instinct® and Instinct® Raw Pet Food Lines**

14.    Dogs, by nature, have a carnivorous bias and, in the wild, eat meat and plants. Cats are obligate carnivores, natural meat eaters.  For both species, a diet consisting primarily of proteins reflects what they would eat in their natural habitat.

15.    The INSTINCT® brand is comprised of the Instinct® and Instinct® Raw lines of pet food.  The Instinct® line comes in three main forms: kibble (dry pieces), raw (frozen and freeze-dried), and cans.  In addition, Nature's Variety makes an assortment of pet treats as part of the Instinct® line.  Many INSTINCT® brand products incorporate a number of "exotic"

proteins, including lamb, venison, and rabbit, which provide variety as well as reducing reliance on poultry, to which many dogs are allergic.

16.    The Instinct® line of pet food is also available for specialized diets: the Instinct® Limited Ingredient Diet line is for pets with food sensitivities, offering a variety of foods with one single protein and one simple starch, free of common pet food ingredients like grain, gluten, chicken, beef, and eggs; and the Instinct® Healthy Weight line has fewer calories and less fat.

17.    A key part of the INSTINCT® brand is the Instinct® Raw line of pet food.  The Instinct® Raw line is also grain-free and gluten-free and consists of 95 percent meat, organs, and bones, and 5 percent fruits and vegetables.

18.    The Instinct® Raw line of pet food has won various awards, including the 2012 *Pet Business* Editors' Choice Award and the *Pet Product News* International 2012 Retailers' Choice Award.

19.    Nature's Variety is the only widely distributed pet food company that offers its product lines in all three forms (kibble, raw frozen, and cans), enabling pet-owners to feed their pets a unique rotation diet.  Rotation feeding incorporates a variety of proteins (*e.g.*, beef, chicken, salmon) and forms (raw frozen, kibble, and cans), enabling pets to enjoy variety in their diet and experience different flavors and textures.

20.    The INSTINCT® brand is positioned as a natural line that approximates dogs' and cats' ancestral diets.  INSTINCT® brand pet food is currently available at more than 5,000 independent pet specialty stores and more than 1,200 Petco and Petco Unleashed stores in the United States, including stores in New York.  It is also sold online through Petco's online channels, Amazon.com, and leading online pet retailers.  INSTINCT® brand pet food is also sold internationally, in more than a dozen countries.  Between July and October of 2013,

5

Nature's Variety sold more than 4 million units of Instinct® products to its retail store customers and distributors, including those in New York.

**Marketing the INSTINCT® Brand**

21.     Nature's Variety is a small company with limited resources.  Over the last five years, the majority of NV's resources have been devoted to building the INSTINCT® brand and raising consumer awareness of its Instinct® and Instinct® Raw product lines.  Nature's Variety supports the INSTINCT® brand mainly through the efforts of its sales force, as well as through online advertising and very limited print advertising in trade magazines.

22.     Nature's Variety has a limited marketing budget that is allocated strategically. For 2013, Nature's Variety budgeted approximately $685,000 for digital advertising, including pre-roll and display advertising, and approximately $20,000 for print advertising.

23.     Nature's Variety's digital advertising strategy includes Google AdWords Search Engine Marketing and fan acquisition on Facebook; display advertising (*i.e.*, banner ads), and pre-roll media (audio-visual advertisements that play before videos on websites such as YouTube).   In addition to online advertising, Nature's Variety places a small number of advertisements in certain trade magazines.

**The INSTINCT® Brand Is Essential to Nature's Variety's Business**

24.     Despite Nature's Variety's limited marketing budget and reach, the INSTINCT® brand is one of the fastest-growing brands of raw, dry, and canned pet food in the natural pet food market today.  The INSTINCT® brand expanded to Petco in 2011, and is the only pet food brand to have done so while still maintaining double-digit growth in independent retail channels. The launch of the INSTINCT® brand is also the most successful launch of a natural pet food brand at Petco in the past three years.

25.     Since 2008, all major innovation at Nature's Variety has been under the INSTINCT® brand.  In 2008, Instinct® and Instinct® Raw products made up only 22 percent of Nature's Variety's business; over the first three fiscal quarters of 2013, they comprised over 80 percent of the company's business.  During the first three fiscal quarters of 2013, products under the INSTINCT® brand accounted for 86 percent of Nature's Variety's gross margin dollars.  In large part due to the successful growth of the INSTINCT® brand, Nature's Variety has grown at a compound annual growth rate of 22.7 percent over the past five years.  The compound annual growth rate of the INSTINCT® brand itself, from 2008 to 2012, is 58 percent.

**Defendant's Infringing TRUE INSTINCT Product Line**

26.     Earlier this year, representatives from Nature's Variety's executive team attended the 2013 Global Pet Expo in Orlando, Florida where they learned that Defendant was planning to offer a new Purina One® Smart Blend® TRUE INSTINCT product line later in 2013.  It appeared that this TRUE INSTINCT line was positioned as a pet food meant to mimic the high-protein content of a dog's ancestral diet.

27.     Shortly after the Pet Expo, counsel for Nature's Variety wrote to Defendant to express NV's concern over Defendant's planned use of TRUE INSTINCT on pet food.

28.     In response to that letter, Ms. Andrea Cannon of Nestlé Purina contacted counsel for Nature's Variety.  Upon information and belief, Ms. Cannon explained that packaging for the product had been finalized.  Ms. Cannon also acknowledged that Defendant had reviewed the trademark file history of Nature's Variety's INSTINCT® mark.

29.     In early May 2013, Reed Howlett, Chief Executive Officer of Nature's Variety, had a telephone conversation with Eriko Clevenger, a senior marketing executive at Nestlé Purina.  Upon information and belief, Ms. Clevenger indicated to Mr. Howlett that Defendant

7

intended to launch the TRUE INSTINCT line under that name because of Defendant's desire to

signify a heavily meat-based diet. Ms. Clevenger acknowledged that Nestlé Purina had

considered alternative names for its new product, including "Primal" (which is the name of

another purveyor of natural and raw pet foods), ultimately choosing TRUE INSTINCT.

     30.     In approximately late July 2013, Nature's Variety became aware that Defendant

had launched its TRUE INSTINCT line of dog food. Nestlé Purina's website states:

> Our expert nutritionists were inspired by a dog's natural instinct to choose
> nutrient-dense foods in nature. That's why True Instinct is formulated with
> real turkey as the number one ingredient, along with real venison and
> other high-quality ingredients, to provide the protein and energy active
> adult dogs need. Nature plus science helps provide 100% complete and
> balanced nutrition to support whole body health while satisfying your
> active adult dog's true instinct.

http://www.purinaone.com/products/dog-food/true-instinct-dog-food (last accessed Oct. 28, 2013).

     31.     According to Defendant's website, TRUE INSTINCT dog food contains 30

percent protein. Turkey and venison are among the listed ingredients.

     32.     Currently, at Petco.com, a 7.4 pound bag of TRUE INSTINCT turkey and venison

blend dry dog food is being sold for approximately $14. http://www.petco.com/product/123538/

Purina-ONE-Smartblend-True-Instinct-Turkey-And-Venison-Adult-Dog-Food.aspx?CoreCat=

OnSiteSearch (last accessed Oct. 28, 2013). A 4.4 pound bag of Instinct® Chicken Meal

Formula dry dog food is being sold for slightly more – approximately $17.

http://www.petco.com/product/116189/Natures-Variety-Instinct-Grain-Free-Chicken-Meal-

Formula-Dry-Dog-Food.aspx?Core Cat=OnSiteSearch (last accessed Oct. 28, 2013).

     33.     Defendant's TRUE INSTINCT products are sold in New York and throughout the

United States at Petco, PetSmart, Target, Wegman's and independent retailers, as well as online

through Petco, PetSmart, Amazon.com, and leading online pet retailers. According to

Information Resources Inc., a leading provider of syndicated purchasing data, Purina has sold

more than $4.5 million of TRUE INSTINCT pet food since the product launched in July 2013,

and has sold more than $2 million of TRUE INSTINCT pet food in September 2013 alone,

including in New York State.

34.     Recently, Defendant has begun a national advertising campaign for TRUE

INSTINCT that includes television and print advertisements.  Defendant's television

advertisement is also available online.

35.     The television advertisement for TRUE INSTINCT positions the product as a

high protein dog food, emphasizing that the product contains thirty percent protein and thus

provides the "the nutrient-dense food active adult dogs crave."  The YouTube page containing

the video directs consumers to the website **PurinaOne.com/instinct**, one that uses the word

"instinct" – alone – to identify the TRUE INSTINCT product.   A screenshot from Defendant's

television advertisement appears as follows:



http://www.youtube.com/watch?v=nVI8a6a03C8 (last accessed Oct. 28, 2013).

36.     According to iSpot, a leading provider of real-time television advertising data, Nestlé Purina's television advertisement airs nationally and, to date, has been aired more than 3,000 times.  Overall, as an advertiser, Nestlé Purina is ranked number 135 in spending and 100 in airing in the past thirty days, and has spent nearly $7 million on advertising for all its products in that amount of time.  iSpot's page for the Purina One SmartBlend True Instinct TV Spot, 'Instinctual Cravings,' is available at http://www.ispot.tv/ad/7tDK/purina-one-smartblend-true-instinct-instinctual-cravings (last accessed Oct. 28, 2013).

37.     In a print advertisement for TRUE INSTINCT that appeared in the August 2013 issue of *National Geographic* magazine, Nestlé Purina has also directed consumers to the **PurinaOne.com/instinct** web address.   Reproduced below is an image from Defendant's advertisement in *National Geographic* magazine:



38.     Since 2008, Nature's Variety has maintained the web address **NaturesVariety.com/instinct**, which it has consistently used to promote the INSTINCT® brand.

39.     Upon information and belief, in just four weeks, Defendant's advertising and marketing expenditures have amounted to more than ten times Plaintiffs' entire annual marketing budget.

40.     Upon information and belief, TRUE INSTINCT is currently offered only in one variety, and only for dogs.  If the product is successful – which it appears likely to be based on Defendant's sales – Defendant will likely expand its TRUE INSTINCT line of products, further overwhelming NV's market.  For example, Defendant may offer more flavor varieties and more forms of foods (*i.e.*, canned foods and treats) and/or a line of TRUE INSTINCT cat food.

41.     Upon information and belief, Defendant's intent was to trade on the reputation and goodwill of Nature's Variety's INSTINCT® trademark.  Defendant was aware of Nature's Variety, the INSTINCT® mark, and the Instinct® and Instinct® Raw product lines long before it adopted the TRUE INSTINCT name for its new product line.  Defendant chose a name that is substantially similar to Nature's Variety's INSTINCT® mark for a product line that also purports to be based on the ancestral or natural diet of dogs.

42.     Upon information and belief, Defendant is and was at all relevant times aware of Nature's Variety's prior use, ownership, and registration of the INSTINCT® mark.

43.     Upon information and belief, the similarities between the TRUE INSTINCT name and the INSTINCT® mark reflect a deliberate attempt by Defendant to make its pet food offerings look as if they originate from, or are sponsored or approved by, Nature's Variety, to give its pet food offerings an instant credibility in the natural and holistic pet food market that is not otherwise warranted, and to confuse the unsuspecting consumer.

44.     Defendant's infringing name has caused and/or is likely to cause confusion or mistake, or deceive purchasers, potential purchasers, and the relevant public and trade, as to the

11

source or sponsorship or approval of Defendant's product, and/or as to its affiliation with Nature's Variety, and is thereby causing harm to Nature's Variety's reputation and goodwill.

## COUNT I

### Trademark Infringement Causing Consumer Confusion in Violation of 15 U.S.C. § 1114

45. Nature's Variety repeats and re-alleges each and every allegation contained in paragraphs 1 through 44 hereof with the same force and effect as if fully set forth herein.

46. Defendant has violated 15 U.S.C. § 1114(1)(a) in that it has used in commerce a reproduction, copy, or colorable imitation of Nature's Variety's INSTINCT® mark in connection with the sale, offering for sale, distribution, or advertising of Defendant's products under the infringing TRUE INSTINCT name, without the consent of Nature's Variety.

47. Defendant has violated 15 U.S.C. § 1114(1)(b) in that it has applied a reproduction, copy, or colorable imitation of Nature's Variety's INSTINCT® mark to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of Defendant's products under the infringing TRUE INSTINCT name, without the consent of Nature's Variety.

48. Defendant's use of a mark confusingly similar to Nature's Variety's INSTINCT® mark is likely to cause confusion, mistake, and/or deception among consumers and the public.

49. Defendant's use of a mark confusingly similar to Nature's Variety's INSTINCT® mark has caused and/or will cause loss of goodwill and profits to Nature's Variety, has unjustly enriched and/or will unjustly enrich Defendant, has caused and/or will cause damage to the reputation of genuine INSTINCT® branded goods, and has injured and/or will injure the public by causing confusion, mistake, and/or deception.

12

50.     Nature's Variety is entitled to preliminary and permanent injunctive relief to prevent Defendant's continued use of a mark confusingly similar to Nature's Variety's INSTINCT® mark because Nature's Variety has no adequate remedy at law.  The conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Nature's Variety in the INSTINCT® mark and in its business, reputation, and goodwill.

51.     Nature's Variety is entitled to damages for Defendant's use of a mark confusingly similar to the INSTINCT® mark, an accounting of profits made by Defendant, and recovery of Nature's Variety's costs of this action.

52.     Defendant is and was at all relevant times aware of Nature's Variety's prior use, ownership, and registration of the INSTINCT® mark, and Defendant's conduct is therefore willful and intentional.  The intentional use of a mark confusingly similar to the INSTINCT® mark by Defendant makes this an exceptional case entitling Nature's Variety to an award of three times its actual damages and recovery of its reasonable attorneys' fees.

## COUNT II

### Trademark Infringement Causing Reverse Consumer Confusion in Violation of 15 U.S.C. § 1114

53.     Nature's Variety repeats and re-alleges each and every allegation contained in paragraphs 1 through 44 hereof with the same force and effect as if fully set forth herein.

54.     Defendant has violated 15 U.S.C. § 1114(1)(a) in that it has used in commerce a reproduction, copy, or colorable imitation of Nature's Variety's INSTINCT® mark in connection with the sale, offering for sale, distribution, or advertising of Defendant's products under the infringing TRUE INSTINCT name, without the consent of Nature's Variety.

55.     Defendant has violated 15 U.S.C. § 1114(1)(b) in that it has applied a reproduction, copy, or colorable imitation of Nature's Variety's INSTINCT® mark to labels,

13

signs, prints, packages, wrappers, receptacles, or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of Defendant's products under the infringing TRUE INSTINCT name, without the consent of Nature's Variety.

56.     Defendant's use of a mark confusingly similar to Nature's Variety's INSTINCT® mark has caused and/or is likely to cause reverse confusion, leading consumers and the public to mistakenly believe that Defendant, the junior user of the mark, is the source of Nature's Variety's original product.

57.     Defendant's use of a mark confusingly similar to Nature's Variety's INSTINCT® mark has caused and/or will cause loss of goodwill and profits to Nature's Variety, has unjustly enriched and/or will unjustly enrich Defendant, has caused and/or will cause damage to the reputation of genuine INSTINCT® branded goods, and has injured and/or will injure the public by causing confusion, mistake, and/or deception.

58.     Nature's Variety is entitled to preliminary and permanent injunctive relief to prevent Defendant's continued use of a mark confusingly similar to Nature's Variety's INSTINCT® mark because Nature's Variety has no adequate remedy at law.  The conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Nature's Variety in the INSTINCT® mark and in its business, reputation, and goodwill.

59.     Nature's Variety is entitled to damages for Defendant's use of a mark confusingly similar to the INSTINCT® mark, an accounting of profits made by Defendant, and recovery of Nature's Variety's costs of this action.

60.     Defendant is and was at all relevant times aware of Nature's Variety's prior use, ownership, and registration of the INSTINCT® mark and Defendant's conduct is therefore

14

willful and intentional.  The intentional use of a mark confusingly similar to the INSTINCT®

mark by Defendant makes this an exceptional case entitling Nature's Variety to an award of

three times its actual damages and recovery of its reasonable attorneys' fees.

## COUNT III

### Federal False Designation of Origin in Violation of 15 U.S.C. § 1125(a)

61.    Nature's Variety repeats and re-alleges each and every allegation contained in

paragraphs 1 through 44 hereof with the same force and effect as if fully set forth herein.

62.    Defendant's use of the infringing TRUE INSTINCT name or other name

confusingly similar to Nature's Variety's INSTINCT® mark in commerce, as described above,

constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a)

in that it is likely to cause confusion, to cause mistake, and/or to deceive as to the affiliation,

connection, or association of Defendant's products with Nature's Variety and/or as to the origin,

sponsorship, or approval by Nature's Variety of Defendant's products.

63.    Defendant's use of the infringing TRUE INSTINCT name or other name

confusingly similar to Nature's Variety's INSTINCT® mark has caused and/or will cause loss of

goodwill and profits to Nature's Variety, has unjustly enriched and/or will unjustly enrich

Defendant, has and/or will damage the reputation of other INSTINCT® branded goods, and has

injured and/or will injure the public by causing confusion, mistake, and/or deception.

64.    Pursuant to 15 U.S.C. § 1125(a), Nature's Variety is entitled to preliminary and

permanent injunctive relief to prevent Defendant's continued use of the infringing TRUE

INSTINCT name or other name confusingly similar to Nature's Variety's INSTINCT® mark

because Nature's Variety has no adequate remedy at law.  The conduct described above has

caused and, if not enjoined, will continue to cause irreparable damage to the rights of Nature's Variety in the INSTINCT® mark and in Nature's Variety's business, reputation, and goodwill.

65.      Pursuant to 15 U.S.C. § 1117(a), Nature's Variety is entitled to damages for Defendant's use of the infringing TRUE INSTINCT name or other name confusingly similar to Nature's Variety's INSTINCT® mark, an accounting of profits made by Defendant, and recovery of Nature's Variety's costs of this action.

66.      Defendant is and was at all relevant times aware of Nature's Variety's prior use, ownership, and registration of the INSTINCT® mark, and Defendant's conduct is therefore willful and intentional.  The intentional use of the infringing TRUE INSTINCT name or other name confusingly similar to Nature's Variety's INSTINCT® mark makes this an exceptional case entitling Nature's Variety to an award of three times its actual damages and recovery of its reasonable attorneys' fees.

### COUNT IV

### Trademark Infringement in Violation of New York Common Law

67.      Nature's Variety repeats and re-alleges each and every allegation contained in paragraphs 1 through 44 hereof with the same force and effect as if fully set forth herein.

68.      Nature's Variety's INSTINCT® mark is valid and legally protectable, as evidenced by Nature's Variety's federal trademark registration.

69.      As a result of Nature's Variety's hard work and investments in producing, providing, and promoting the INSTINCT® brand product line, Nature's Variety has built up valuable goodwill in the INSTINCT® mark.  As such, the INSTINCT® mark has become associated with Nature's Variety and has come to symbolize a reputation for quality and excellence.

70.     Defendant's acts complained of herein are likely to and do permit Defendant to pass off its infringing TRUE INSTINCT product line to the general public to the detriment of Nature's Variety and the unjust enrichment of Defendant.  Defendant's acts have caused and continue to cause confusion or mistake, or to deceive as to the source of origin and/or sponsorship of Defendant's products.

71.     Defendant's acts constitute willful infringement of Nature's Variety's exclusive rights in the INSTINCT® mark, in violation of New York State common law.  As a direct and proximate result of Defendant's conduct, Nature's Variety has suffered damage to its valuable trademark.

72.     Nature's Variety is entitled to preliminary and permanent injunctive relief to prevent Defendant's continued use of the infringing TRUE INSTINCT name or other name confusingly similar to Nature's Variety's INSTINCT® mark.  Defendant's acts of trademark infringement have caused, and if not restrained by this Court, will continue to cause Nature's Variety serious and irreparable injury for which Nature's Variety has no adequate remedy at law.

73.     Nature's Variety is entitled to damages for Defendant's trademark infringement, an accounting of profits made by Defendant, and recovery of Nature's Variety's costs of this action.

**COUNT V**

**Unlawful Deceptive Acts and Practices in Violation of N.Y. Gen. Bus. Law § 349(a)**

74.     Nature's Variety repeats and re-alleges each and every allegation contained in paragraphs 1 through 44 hereof with the same force and effect as if fully set forth herein.

75.     Defendant, without Nature's Variety's authorization or consent, and having knowledge of Nature's Variety's prior rights in the INSTINCT® mark and the fact that

17

Defendant's infringing TRUE INSTINCT line of products bears a mark that is substantially similar to the INSTINCT® mark, has manufactured, distributed, offered for sale, and/or sold the infringing products to the consuming public in direct competition with Nature's Variety's sale of its INSTINCT® brand products.

76.     Defendant's acts complained of herein are materially misleading, directed at consumers, and have misled and/or are likely to mislead reasonable consumers as to the origin of Defendant's infringing TRUE INSTINCT line of products, and have deceived and/or are likely to deceive the public into believing the infringing line of products being sold by Defendant originate from, are associated with, or are otherwise authorized by Nature's Variety.

77.     Defendant's deceptive acts and practices involve public sales activities of a recurring nature.

78.     Nature's Variety is entitled to preliminary and permanent injunctive relief to prevent Defendant's continued use of the infringing TRUE INSTINCT name or other name confusingly similar to Nature's Variety's INSTINCT® mark.  Defendant's unlawful deceptive acts have caused, and if not restrained by this Court, will continue to cause injury to Nature's Variety and to the public for which there is no adequate remedy at law.

79.     Nature's Variety is entitled to damages for Defendant's deceptive acts and recovery of Nature's Variety's reasonable attorneys' fees.

80.     Defendant is and was at all relevant times aware of Nature's Variety's prior use, ownership and registration of the INSTINCT® mark, and Defendant's conduct is therefore willful and intentional.  Nature's Variety is therefore entitled to an award of three times its actual damages.

## COUNT VI

### Unfair Competition in Violation of New York Common Law

81.     Nature's Variety repeats and re-alleges each and every allegation contained in paragraphs 1 through 44 hereof with the same force and effect as if fully set forth herein.

82.     As a result of Nature's Variety's hard work and investments in producing, providing, and promoting the INSTINCT® brand product lines, Nature's Variety has built up valuable goodwill in the INSTINCT® mark.  As such, the INSTINCT® mark has become associated with Nature's Variety and has come to symbolize a reputation for quality and excellence.

83.     Defendant, with full knowledge of the reputation of the INSTINCT® mark, intended to and did trade on the goodwill associated with the INSTINCT® mark.

84.     Defendant's acts complained of herein have misled and deceived and/or will continue to mislead and deceive the public as to the source of Defendant's infringing TRUE INSTINCT product line, has permitted and accomplished and/or will permit and accomplish palming off of Defendant's infringing product line as that of Nature's Variety, and has falsely suggested and/or will falsely suggest a connection with Nature's Variety.

85.     As a direct and proximate result of Defendant's conduct, Nature's Variety has suffered damage to its valuable trademark.

86.     Defendant is and was at all relevant times aware of Nature's Variety's prior use, ownership, and registration of the INSTINCT® mark, and Defendant's conduct is therefore intentional and/or in bad faith.

87.     Nature's Variety is entitled to preliminary and permanent injunctive relief to prevent Defendant's continued use of the infringing TRUE INSTINCT name or other name

19

confusingly similar to Nature's Variety's INSTINCT® mark.  Defendant's acts of unfair competition have caused, and if not restrained by this Court, will continue to cause Nature's Variety serious and irreparable injury for which Nature's Variety has no adequate remedy at law.

88.   Nature's Variety is entitled to damages for Defendant's unfair acts, an accounting of profits made by Defendant, and recovery of Nature's Variety's reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

89.   Nature's Variety hereby demands a trial by jury decide all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Nature's Variety prays for judgment with respect to its Complaint as follows:

A.   Preliminarily and permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, servants, assigns, and all in privity, active concert, and participation with Defendant from:

1. Manufacturing, selling, distributing, advertising, promoting, offering for sale, or authorizing any third party to manufacture, sell, distribute, advertise, promote, or offer for sale any product using the infringing TRUE INSTINCT name or any derivative thereof or any designation similar thereto;

2. Making or displaying or publishing any statement or representation that is likely to lead the public, media, or trade to believe Defendant's products are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized, or franchised by or are otherwise connected with Nature's Variety;

3. Using, or authorizing any third party to use in connection with the rendering, offering, advertising, or promotion of any business, goods, or services, any false description, false representation, or false designation of origin of any marks, names, words, symbols, devices, or trade dress which falsely associates such business, goods, and/or services with Nature's Variety or tend to do so; and

4. Engaging in any other activity constituting unfair competition with Nature's Variety, or constituting an infringement of Nature's Variety's INSTINCT® mark.

B.     Directing Defendant pursuant to 15 U.S.C. § 1116(a) or otherwise, to file with the Court and serve on Nature's Variety within thirty (30) days of the entry of any injunction, or such other time period as directed by the Court, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

C.     Ordering the recall and destruction of any marketing materials, packaging, advertisements, receptacles, displays, and products of Defendant, the manufacture or sale of which is enjoined pursuant to any injunction ordered by the Court, or that violate 15 U.S.C. §§ 1125(a) or 1125(c) or any other applicable statute.

D.     Awarding Nature's Variety all damages Nature's Variety has suffered by reason of Defendant's unlawful acts, together with legal interest from the date of accrual thereof, and trebling such damages due to Defendant's willful actions.

E.     Awarding Nature's Variety all profits wrongfully derived by Defendant through its unlawful acts set forth herein, together with legal interest from the date of accrual thereof, and trebling such damages due to Defendant's willful actions.

F.      Awarding Nature's Variety punitive damages in an amount to be determined at trial.

G.      Awarding Nature's Variety their reasonable attorneys' fees and costs.

H.      Ordering such other and further relief as is just and proper.

Dated: New York, New York
       October 30, 2013

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By:     _____
        Randi W. Singer
        Jacob B. Ebin
        Olivia J. Greer
        767 Fifth Avenue
        New York, New York 10153
        Telephone:  (212) 310-8000
        Facsimile:  (212) 310-8007
        Email:      randi.singer@weil.com
                    jacob.ebin@weil.com
                    olivia.greer@weil.com

*Attorneys for Plaintiffs*
*Nature's Variety, Inc. and M.I. Industries*